UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID M. SOLIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2805** |
| **UNITED STATES OF AMERICA** | **SECTION "S" (5)** |

## ORDER AND REASONS

**IT IS ORDERED** that the United States of America's Motion to Strike Medical Expert Witnesses is **GRANTED**. (Rec. Doc. 20);

**IT IS FURTHER ORDERED** the United States of America's Motion for Summary Judgment/Alternatively Motion to Dismiss is **GRANTED**. (Rec. Doc. 19).

## BACKGROUND

Plaintiff David M. Solis filed suit against the United States of America for damages resulting from an alleged failure on the part of Veterans Administration Medical Center ("VAMC") timely to inform him that he had tested positive for the Hepatitis C virus. The test was performed on February 18, 1999, during Mr. Solis's treatment in the Methadone Maintenance Program at the VAMC. He was not informed that he had Hepatitis C until he was tested again by the VAMC, on May 29, 2001, upon manifesting signs of advanced liver disease.

Mr. Solis soon developed other complications, eventually arriving at decompensated cirrhosis of the liver, end-stage liver failure, within 2001, requiring him ultimately to undergo a liver

transplant.  On September 24, 2002, Mr. Solis underwent a successful transplant operation at Tulane University Hospital.  Plaintiff seeks recovery for his loss of a chance to avoid a liver transplant.

Plaintiff filed a Complaint on May 25, 2006, seeking relief under the Federal Tort Claims Act 28 U.S.C. § 2671 *et seq.* on theories of negligence and medical malpractice.  The Scheduling Order required plaintiff to submit reports for any expert witness he intended to call by March 23, 2007.

Plaintiff has filed a Witness List with this Court listing Dr. Fredric G. Regenstein as a "will call" expert witness and listing two other "may call" medical expert witnesses.  Plaintiff contends that his Tulane University Hospital admission and discharge records from early 2002, prepared by Dr. Regenstein, constitute an expert report.

Defendant United States of America has filed a Motion to Strike Medical Expert Witnesses and a Motion for Summary Judgment /Alternatively Motion to Dismiss.

## **DISCUSSION**

**A.    Motion to Strike Medical Expert Witnesses**

Defendant has moved to strike the two witnesses who appear as "may call" experts on defendant's witness list,  Dr. Richard B. Drude, and Dr. David Silvers, because as of the March 23, 2007, the deadline for submission expert reports, it had received no reports from or information about these witnesses.  Plaintiff urges that the witnesses have been listed only so that they may be used as rebuttal experts.

The Scheduling Order of this Court was clear that expert reports were required for any expert who "may" be a witness.  As plaintiff has failed to provide reports and information regarding either expert witness, Dr. Drude or Dr. Silvers, the Motion to Strike is granted.

**B.     Motion for Summary Judgment**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit, and an issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

If the moving party meets its initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*).

Defendant argues that it is entitled to summary judgment because plaintiff has failed to provide an expert opinion setting forth a standard of care, a breach of the standard, and causation, all of which are essential elements of plaintiff's malpractice and negligence claims. Under the Federal Tort Claims Act, "damages are determined by the law of the State where the tortious act was committed." *Hatahley v. U.S.*, 351 U.S. 173, 76 S.Ct. 745 (1956)(citing 28 U.S.C. § 1346(b) and 28 U.S.C. § 2674). Under Louisiana law, in an action to recover damages for injuries allegedly caused by another's negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. *Hanks v. Entergy Corp.*, 2006-477, (La. 12/18/06),

944 So. 2d 564, 578 (citing *Benjamin ex rel. Benjamin v. Housing Authority of New Orleans*, 04-1058, (La.12/1/04), 893 So.2d 1, 4; *Cangelosi v. Our Lady of the Lake Regional Medical Center*, 564 So.2d 654, 664 (La.1989)). The plaintiff must produce evidence from which the factfinder can reasonably conclude his injuries, more probably than not, were caused by the negligence of the particular defendant. *Id.* (citing *Cangelosi*, 564 So.2d at 664).

In support of its Motion for Summary Judgment, the defendant presents abundant evidence of plaintiff's prior drug and alcohol abuse. Its expert, Dr. David E. Dies, opined that at the time of the first laboratory test on February 18, 1999, plaintiff already had cirrhosis, and that even if he had been made aware of the diagnosis of Hepatitis C immediately and had began treatment, the need for a liver transplantation would not have been prevented. Further, Dr. Dies opined that treatment would not have been instituted at that time because plaintiff was on methadone, and treating a methadone patient for Hepatitis C was not "standard practice" at that time. He further opined that "more likely than not, even treatment at that stage would not have prevented the need for liver transplantation."

Plaintiff points to the admitting report of Dr. Regenstein to support his claims. Particularly, plaintiff cites to Dr. Regenstein's opinion that he was suffering from decompensated cirrhosis secondary to Hepatitis C. However, the history provided to Dr. Regenstein is grossly inaccurate. Plaintiff denied alcohol or drug use "in the past 15 years" when in fact he has been in and out of treatment for both as recently as 6 months before seeing Dr. Regenstein. This inaccuracy deprived Dr. Regenstein of the ability to access plaintiff's condition accurately, or to perceive the alcohol and drug use as a factor in plaintiff's liver condition. Nothing in the report refutes Dr. Dies' conclusion that "more likely than not even treatment at that stage would not have prevented the need for the

4

liver transplantation."

## CONCLUSION

Plaintiff has failed to refute defendant's proof of lack of a causal connection between VAMC's negligence in failing to inform him of his positive Hepatitis C status for over 18 months and his need for a liver transplant.

New Orleans, Louisiana, this __20th__ day of June, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**